## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CATINA COLLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:16-cv-1199 |
| | ) |
| Unum Life Insurance Company of America, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Catina Collier, by her attorney, David Hicks, and complaining against the Defendant, Plaintiff alleges the following:

### Jurisdiction and Venue

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). These provision give the district courts jurisdiction to hear civil action brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability plan underwritten and insured by Unum Life Insurance Company of America, ("Unum"). In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which give the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Eastern District of Missouri. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

## Nature of Action

4. This is a claim seeking payment of disability income benefits pursuant to a policy of insurance underwritten and insured by Unum, to provide Long Term Disability Insurance Benefits under a benefit plan entitled, "SSM Health Care Plan" ("Plan"), to employees of SSM Health Care under Policy No. 351888011. This action seeking recovery of benefits, is brought pursuant to 29 U.S.C. §1132(a)(1)(B).

## The Parties

5. Catina Collier ("Collier") is and was a resident of St. Louis, Missouri at all times relevant hereto.

6. Unum is an insurance company which has, at all times relevant hereto, done business within this district. The Plan is an employee benefit plan which has operated and exists within this district at all times relevant hereto.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Collier received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

## Statement of Facts

8. Collier was employed in a full-time capacity by SSM Health Care as a Dietary Worker until January 14, 2014, when she had to cease working due to restrictions placed upon her by her physician.

9. Subsequent to ceasing her employment, Collier applied for benefits under the Plan stating that due to her medical conditions, she met the Plan definition of "Disabled," which provides for payment of benefits if:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness and injury; and

- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or

injury; and

- during the elimitaion period, you are unable to perform any of the material and substantial duties of your regular occupation.

10. On April 17, 2014, Unum determined that Collier did not meet the definition of Disabled under the Plan and denied Collier's application for disability benefits; finding that Collier is not disabled from performing her own occupation.

11. Collier made a timely appeal of the denial to Unum and Unum upheld their prior decision on October 22, 2014.

12. The determination by Unum is contrary to the terms of the welfare benefit plan and has no rational support in the evidence. That decision was also contrary to the limitations provided by Collier's treating physician.

12. As a direct and proximate result thereof, based on the evidence submitted to Unum establishing that Collier has met the Plan definitions of "disabled" continuously since the onset of her disability, and that she continues to meet that definition, Collier is entitled to payment of monthly disability insurance payment retroactive to April 14, 2014, plus interest on all overdue payments at the statutory rate of 9% in accordance with Missouri Revised Statues, Sec. 408.020.1.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant and that the Court order Defendant to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B. That the Court order the Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment at the rate of 9% per annum;

C. That the Court order Defendant to continue paying Plaintiff benefits until such time as she meets the policy conditions for discontinuance of benefits;

D. That the Court award Plaintiff attorney's fee pursuant to 29 U.S.C. §1132(g); and

E. That Plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

Date: 7-21-16

Respectfully submitted,

David Hicks
Attorney for Plaintiff

David Hicks
David M. Hicks, P.C.
7720 Stonebridge Golf Drive
Maryville, IL 62062
618-343-0901
618-301-3360 (fax)
davidmhickspc@hushmail.com